Staten Island Advanced Surgical Supply, as Assignee of Gu Zhang, Respondent,
against
GEICO Ins. Co., Appellant.




The Law Office of Printz & Goldstein (Lawrence J. Chanice, Esq.), for appellant.
Law Office of Emilia I. Rutigliano, P.C. (Emilia I. Rutigliano, Esq.), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Cheree A. Buggs, J.), entered February 6, 2015. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $1,698.30.




ORDERED that the judgment is reversed, with $30 costs, and the matter is remitted to the Civil Court for a new trial. 
In this action by a provider to recover assigned first-party no-fault benefits for medical supplies it had provided to its assignor, defendant appeals from a judgment which, after a nonjury trial, awarded plaintiff the principal sum of $1,698.30.
At the trial in this case, which was limited to defendant's defense of lack of medical necessity (see CPLR 3212 [g]), defendant was prepared to proffer the testimony of a medical expert who had not written the peer review report upon which defendant's denial of the claim at issue was based. As the author of the peer review report was not present to authenticate it, the Civil Court found that the report could not be admitted into evidence and, therefore, could not be used to limit defendant's expert witness's testimony to the basis for the denial as set forth in the report. Consequently, the Civil Court precluded defendant's expert from testifying and granted plaintiff's motion for a directed verdict.
Defendant's expert medical witness should have been permitted to testify as to her opinion as to the lack of medical necessity of the supplies at issue, even though she was not the [*2]person who had prepared the peer review report (see Park Slope Med. & Surgical Supply, Inc. v Progressive Ins. Co., 34 Misc 3d 154[A], 2012 NY Slip Op 50349[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). Moreover, an appropriate objection by plaintiff was all that would have been needed in the event the testimony of defendant's expert witness went beyond the scope of the peer review report (see Promed Orthocare Supply, Inc. v Geico Ins. Co., 57 Misc 3d 135[A], 2017 NY Slip Op 51264[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2017